## SWEETZER & CURRIER v. HARWICK ET AL.

1. **Mechanic's Lien:** PETITION TO ESTABLISH BY AMENDMENT IN LAW ACTION: MISJOINDER: PRACTICE. No other cause of action can be joined with an action to establish a mechanic's lien. (Code, § 2510.) Hence, where an action at law was begun against one of the defendants upon a promissory note, and plaintiffs afterwards filed an amendment bringing in other parties, and seeking the foreclosure and establishment of a mechanic's lien, *held* that a motion to strike out the amendment, or else to compel plaintiffs to elect on which cause of action they would stand, was properly sustained; and, when plaintiffs refused to elect, the court was justified in striking the amendment from the files and in proceeding with the original cause of action. Plaintiffs should have elected on which cause they would stand, or else they should have filed separate petitions, as provided by section 2634 of the Code.

*Appeal from Buena Vista Circuit Court.*

THURSDAY, DECEMBER 10.

THE plaintiffs commenced an action against the defendant T. J. Harwick. An amendment to the petition was afterwards filed making the other defendants parties. A motion to strike the amendment from the files was sustained. Plaintiffs appeal.

*Robinson & Milchrist,* for appellants.

*Clarke & Ervin,* for appellees.

ROTHROCK, J.—The original petition was an action at law against the defendant T. J. Harwick, and demanded judgment against him upon a promissory note. The action was aided by attachment, and certain personal property was levied upon. Afterwards the plaintiffs filed an amendment to their petition, in which they made May Harwick, T. F. Harwick and the Farmers' Loan & Trust Company new parties to the action. In this amendment the plaintiffs, in addition to a judgment against T. J. Harwick, as claimed in the original

petition, demanded a judgment against May Harwick for the consideration which formed the basis of the promissory note. The consideration was alleged to be certain fence wire and a pump, which were used in improvements on land the title to which was in May Harwick, and it was alleged that said T. J. Harwick purchased said fence wire and pump with the knowledge and consent of said May Harwick, and that she, and her interest in the land upon which said improvements were placed, were bound for said improvements. It is also averred that the land was conveyed to May Harwick by T. J. Harwick for the purpose of hindering, delaying and defrauding the creditors of T. J. Harwick. An account for a mechanic's lien was exhibited with the amendment to the petition, and a demand was made that said lien be established by the proper decree. It was averred that the other defendants had some claim or interest in the land, but that whatever rights they had were inferior and junior to the plaintiffs' claim for a mechanic's lien. The plaintiffs moved the court to transfer the cause to the equity side of the court. Pending this motion the defendant T. J. Harwick filed a motion to strick the amended petition from the files, upon the ground, among others, that the " original petition sets forth a cause of action at law against the said defendant only, this cause of action being a promissory note executed by defendant to plaintiffs, while this so-called amendment sets out a cause of action in equity, affecting other parties not named in the original petition, asking an equitable remedy for a different right than the one alleged in the original petition." The motion was also in the alternative, and demanded that the plaintiffs be required to elect to proceed on one of the causes of action set forth in the petition. No election was made, and the motion to strike the amendment was sustained. A judgment was afterwards rendered against T. J. Harwick on the promissory note, and the plaintiffs demanded a default against the other defendants, and offered to introduce evidence to establish the amendment, which had

been stricken from the files. The court refused these requests, and dismissed the action as to all the defendants but T. J. Harwick.

It is to be observed that the amendment to the petition was not substituted for the original petition. It purports to be an amendment making new parties and additional statements. It is very plain, therefore, that the petition as amended contained two causes of action; one an action at law against T. J. Harwick upon a promissory note, and the other a petition in equity against May Harwick and the other defendants, the object of which was to establish and enforce a mechanic's lien. It is expressly provided by statute that the action upon a mechanic's lien shall be by equitable proceedings, and no other cause of action shall be joined therewith. Code, § 2510. It is unnecessary to determine whether the plaintiffs could in one action enforce the mechanic's lien and also take a judgment against one of the parties for the amount that the promissory note exceeds the lien. The fact remains that the petition as amended contained two distinct causes of action. The plaintiffs should have elected on which cause of action they would proceed, or, after the motion to strike the amendment was sustained, they should have filed separate petitions, as provided by section 2634 of the Code.

The ruling of the court in refusing to entertain the action as to the new parties defendant was correct. It is true, they did not join in the motion to strike the amended petition. But when it was stricken from the files, it could neither be transferred to the equity calendar, nor made the basis of any other action by the court.

AFFIRMED.