M. A. ILLSLY, Appellant, v. GEORGE L. GRAYSON.

**Pleading:** ACTION FOR RENT: *Set-off.* Plaintiff in an action for rent, being unable under Code, 1873, section 2018, to join other matter with his claim if he would effectuate his lien, is entitled to offset claims against the defendant in reply to the latter's counterclaim, under Code, 1873, sections 2666, 2667, providing that in such an action plaintiff may reply to the counterclaim by pleading any new matter not inconsistent with petition constituting a defense to the matter alleged in the answer, and that any number of defenses negative or affirmative may be pleaded to a counterclaim.

*Appeal from Polk District Court.*—HON. T. F. STEVENSON, Judge.

MONDAY, MAY 23, 1898.

ACTION at law, aided by an attachment, to recover rent for the use of agricultural lands. The defendant pleaded certain payments, and a counterclaim for work and labor done, property furnished, and other

miscellaneous items. To the counterclaim plaintiff pleaded a balance due him upon a note executed by defendant, and a miscellaneous account for work and labor done and material furnished, including the payment of a note upon which plaintiff was a surety for the defendant; and plaintiff asked that these items of indebtedness be offset against any indebtedness due defendant on his counterclaim. The case was tried to a jury, and the trial court instructed that the items set up in plaintiff's reply could not be used as an offset to claims due the defendant. The verdict and judgment were for defendant, and plaintiff appeals.—*Reversed.*

*Dowell & Parrish* and *W. A. Spurrier* for appellant.

*Balliett & Stahl* for appellee.

Deemer, C. J.—The correctness of the instruction directing the jury to disregard the items pleaded in plaintiff's reply as an offset to the defendant's counterclaim is the sole question presented. In order to effectuate a lien for rent, the landlord must commence his action for rent alone within one year from the time the rent accrued. Code 1873, section 2018. In such action defendant may plead a counterclaim. Code 1873, section 2655. To such counterclaim plaintiff may reply by a general or specific denial, or by pleading any new matter, not inconsistent with the petition, constituting a defense to the matter alleged in the answer. Section 2666. "Any number of defenses, negative or affirmative, are pleadable to a counterclaim." Section 2667. These are all the statutes relating to the inquiry now before us; and it will be observed that while they do not mention either set-off or counterclaim, in referring to the reply, yet they do recognize that defenses, either negative or affirmative, may be

pleaded, provided the matter pleaded be not inconsistent with the petition. Plaintiff could not join the matters pleaded in reply with his action for rent; for the statute says the landlord's lien may be effected (that is, enforced) by action for the rent alone within a limited time. Defendant had the undoubted right to plead his counterclaim; but, if no set-off is allowed by way of reply, he may thus, after litigation ensues, apply any unsettled items of account to his obligation for rent, although he may at the same time be owing his landlord a much larger sum on general account. It may be that such a reply would not be proper in a case where the items included therein could have been embraced in the petition. But, where the statute expressly inhibits such a course, it certainly must be true that plaintiff may interpose in his reply, as a matter of defense, any set-off he may have to the defendant's counterclaim. See sections 2666 and 2667 of the Code, before quoted. Both parties argue the rule as to application of payments, although appellee contends—as we think, mistakenly, however—that such rule is only enforced in equitable proceedings. The pleadings do not disclose any such issue, and the evidence is in conflict as to there being a direction to apply, or, indeed, any application of, any of the items of counterclaim to the rent or other items of account. There being no application before suit was brought, the law will make it according to well settled rules, among which is that payments or credits will be applied to the unsecured, rather than the secured, account. *U. S. v. January*, 7 Cranch, 572; *U. S. v. Kirkpatrick*, 9 Wheat. 720; *National Bank of Commonwealth v. Mechanics' Nat. Bank*, 94 U. S. 437; *Backhouse v. Patton*, 5 Pet. 160; *Field v. Holland*, 6 Cranch, 8. Although we do not regard the rule as to application of payments controlling on the question of pleading, yet a statement of the doctrine contended for by appellee illustrates how the rule would be thwarted, should we hold

that, in an action of this kind, plaintiff could not plead in reply a set-off to the defendant's counterclaim. The cases of *Cox v. Jordan,* 86 Ill. 560; *Galligan v. Fannan,* 9 Allen, 192; *Mortland v. Holton,* 44 Mo. 58; *Miller v. Losee,* 9 How. Prac. 356; *Turner v. Simpson,* 12 Ind. 413; *Blount v. Rick,* 107 Ind. 238 (5 N. E. Rep. 898); and *Starke v. Dicks,* 2 Ind. App. 125 (28 N. E. Rep. 214)- - seem to sustain the right to plead in reply a set-off to the defendant's counterclaim, provided there is no departure from the antecedent ground of complaint. See, also, Phillips Code Pleading, sections 270, 273. There was no error in directing the jury to disregard plaintiff's claim of thirty-six dollars for money paid in satisfaction of a note given by defendant to the Des Moines Oil Works, for the evidence did not show any such state of facts as would warrant an allowance of this item. There was evidence in support of some of the other items, however, and the court erred in not submitting the same to the jury under proper instructions. REVERSED.