NORTH IOWA STEEL COMPANY, a partnership, appellee, v. GLENN STALEY, STALEY FARM SUPPLY COMPANY, a corporation, et al., defendants; GLENN STALEY, STALEY FARM SUPPLY COMPANY, appellants.

No. 50350.

DECEMBER 12, 1961.

Hobson & Cady, of Hampton, for appellants.

Levinson & Bryant, of Mason City, for appellee.

SNELL, J.—The question presented on this appeal is whether a counterclaim is permitted in an action to foreclose a mechanic's lien. The appeal is from a ruling on a motion to dismiss the counterclaim. Only the pleadings, motions and rulings thereon are before us. Our consideration is limited thereto.

Plaintiff claims that pursuant to contract two grain storage buildings were erected for defendant. Thirty thousand dollars has been paid and $30,230 remains unpaid on the contract price. Plaintiff filed a mechanic's lien and sought foreclosure thereof. Defendant answered alleging breach of warranty and counterclaimed for damages resulting from defective materials, workmanship and misrepresentations of plaintiff as to mechanical soundness and fitness of the structures. Plaintiff moved to dismiss the counterclaim as violative of section 572.26 of the Code. The trial court relying on this statute sustained the motion. Defendants appealed.

Section 572.26 of the Code provides: "An action to enforce a mechanic's lien shall be by equitable proceedings, and no other cause of action shall be joined therewith."

In considering this statute, rule 29, R. C. P., should not be overlooked. This rule provides: "A pleading must contain a counterclaim for every cause of action then matured, and not the subject of a pending action, held by the pleader against any opposing party and arising out of the transaction or occurrence that is the basis of such opposing party's claim, unless its adjudication would require the presence of indispensable parties of whom jurisdiction cannot be acquired. A final judgment on the merits shall bar such a counterclaim, although not pleaded."

Cook's Rules of Civil Procedure, Volume 1, page 205, in discussing rule 29, states:

"The counterclaim is compulsory where it arises out of the transaction or occurrence that is the basis of the opposing party's claim if:

"1. It is then matured.

"2. If it is not the subject of a pending action.

"3. It must be held by the pleader against the opposing party.

"4. It must not require the presence of indispensable parties of whom jurisdiction cannot be acquired."

The counterclaim in the case at bar meets these tests.

I. While the procedure of pleading a counterclaim may not be unusual in trial courts, neither appellants' brief nor our research discloses any decisions by our court on the right to counterclaim under section 572.26 of the Code. However, persuasive authority is found in the use and defining of the same words in cases under other statutes.

Joinder of other causes of action is barred or limited not only in mechanic's lien foreclosures but also in actions for divorce, partition and replevin. Partition is by equitable proceedings with a limitation as to joinder and counterclaims. Rule 275, R. C. P. Replevin is an ordinary proceeding with a statutory bar against joinder and counterclaims. Section 643.2, Code of Iowa. The prohibition against counterclaims does not appear in the divorce and mechanic's lien statutes.

Where a counterclaim is to be barred the legislature said so. We are not justified in erecting a bar where the legislature did not so provide. The express mention of the one thing implies the exclusion of the other. This rule is expressed in the often quoted Latin phrase "expressio unius est exclusio alterius." We have said: "The legislative intent is expressed by omission as well as by inclusion." Dotson v. City of Ames, 251 Iowa 467, 471, 472, 101 N.W.2d 711, 714; Archer v. Board of Education, 251 Iowa 1077, 1084, 104 N.W.2d 621, 626. In mechanic's lien foreclosure, a counterclaim is not specifically barred.

II. If counterclaims are not barred by specific mention, are they barred by the prohibition against joinder? The authorities say no. In Linscott v. Linscott, 243 Iowa 335, 51 N.W.2d 428, 30 A. L. R.2d 789, the plaintiff, husband, brought an action to set aside a property settlement contract with his wife. Defendant, wife, in the second division of her answer sought a divorce, attorney fees and alimony. The court treated this as a counter-

claim. In considering the difference between a joinder and a counterclaim, it was held that the issue tendered by the counterclaim was not a "joinder" of the action stated in the petition. The definition in 1 C. J. S., Actions, section 61, page 1181, that a joinder of actions is "the statement of more than one cause of action in a declaration" was quoted with approval. Also quoted with approval was the definition in Bouvier's Law Dictionary, Rawle's Third Revision, sub verbo "Joinder" as follows: "The union of two or more causes of action in the same declaration." The statements and holding in the Linscott case, supra, were approved in Wharff v. Wharff, 244 Iowa 496, 499, 56 N.W.2d 1, which holds that a separate cause set up in a separate declaration is not a joinder. The case involved the divorce statute but the wording of the prohibition against joinder in that statute is comparable to the mechanic's lien statute now before us.

In the case at bar, defendants' counterclaim arose out of the same transaction as plaintiff's claim but it is set up in a separate declaration against plaintiff. It is not a joinder of another cause of action in the same declaration so as to be barred by the statute. It is a compulsory counterclaim that, under rule 29, R. C. P., must be urged or lost.

The prohibition against joinder in section 572.26 does bar multiple independent causes of action by a plaintiff that otherwise would be permitted under rule 22, R. C. P., but does not bar the pleading of a counterclaim.

The dismissal of a counterclaim such as we have here would deny a defendant the right to tender and litigate his claim. Such is not the purpose of the law.

The case is reversed and remanded with directions to overrule plaintiff's motion to dismiss the counterclaim.

The cost of printing the record is more than permitted by our rules. It is ordered that $12.60 of the printing cost be taxed to defendant-appellants.—Reversed.

All JUSTICES concur except BLISS, J., not sitting.