CAPITOL CITY DRYWALL
CORPORATION, Appellee,

v.

C. G. SMITH CONSTRUCTION COMPA-
NY, INC., Jersey Ridge Associates, Ltd.,
Charels G. Smith, Nellie M. Smith, Gor-
don H. Miles and Rogene H. Miles, Ap-
pellants.

No. 60916.

Supreme Court of Iowa.

Oct. 18, 1978.

Gregory L. Waggoner, of Walsh, Walentine & Miles, Omaha, Neb., and Carlin & Darbyshire, Davenport, for appellants.

James L. Tappa, of Spector & Tappa, Rock Island, Ill., for appellee.

Considered by REES, P. J., and McCORMICK, ALLBEE, McGIVERIN and LARSON, JJ.

McCORMICK, Justice.

This is an appeal by defendants from judgment against them for $39,915 entered in plaintiff's mechanic's lien foreclosure action. Plaintiff Capitol City Drywall Corporation ("Capitol City") was a subcontractor employed by defendant C. G. Smith Construction Company, Inc. ("Smith") to do the drywall work in 15 apartment buildings and a clubhouse being constructed by Smith for the other defendants, who owned the premises. The three questions presented are whether the trial court erred (1) in allowing Capitol City to amend its petition to add a count seeking personal judgment for labor and materials not covered in its lien claim, (2) in disallowing certain claimed deductions for omissions, and (3) in entering personal judgment against defendant owners. We affirm in part and reverse and remand in part.

Smith was the general contractor on the apartment project. Written and oral negotiations between Smith and Capitol City culminated in a written contract in August 1973 under which Capitol City was to furnish labor and materials for installation of drywall at a contract price of $310,066. Capitol City commenced work in September 1973 and submitted bills to Smith for progress payments as work was completed. By October 1974 Smith had paid $198,165.81 to Capitol City but did not have the money to make the October payment. As a result, as it had a right to do under the contract, Capitol City refused its remaining performance. At that time Capitol City had finished work on the clubhouse and 288 of 352 apartments.

In November 1974, Capitol City filed two mechanic's liens against the premises, one for $26,519.19 and the other for $24,965, totalling $51,484.19. The present foreclosure action ensued. In their answer, defendants alleged a set-off of $21,626.59 for equipment and labor rental and a counterclaim of $208,350 based on alleged breach of contract. They filed a bond to release the liens from the real estate.

Before trial Capitol City filed an amendment purporting to add two counts to the petition. Because no award was made under count III, only count II is material here. In that count Capitol City alleged it had furnished Smith an additional $11,110.74 in labor and materials for which judgment against Smith was prayed.

At the beginning of trial Smith moved unsuccessfully to strike counts II and III from the petition.

After hearing the evidence, the trial court found Capitol City was entitled to an additional $59,188.97 under the contract and $5946 for extras. The contract award was proved under count I, and the award for extras was proved under count II. The court found defendants should be credited with a $21,626 set-off for equipment rental and $3,594 on the counterclaim for defects. On this basis, the court entered judgment for Capitol City against all defendants for $39,915 and foreclosed it against the bond. This appeal followed.

I. *The amendment to the petition.* Defendants contend the trial court erred in overruling their motion to strike the amendment adding count II to the petition because the amendment violated § 572.26, The Code. That statute provides:

An action to enforce a mechanic's lien shall be by equitable proceedings, and no other cause of action shall be joined therewith.

Any lien statement may be amended by leave of court in furtherance of justice, except as to the amount demanded.

Defendants argue that if count II states a different cause of action it is barred by the first sentence of the statute, and if it does not state a different cause of action it constitutes an increase in the lien claim in violation of the second sentence.

■ We do not believe the amendment breached either provision of the statute. As to the first, we hold that a defendant to a mechanic's lien foreclosure action who urges a set-off or counterclaim against the plaintiff loses the protection of the bar against joinder. As to the second, we find that count II did not increase the amount of the lien statements.

Before adoption of the rules of civil procedure, it was improper to join a cause of action in equity with one at law. This changed with the adoption of rule 22, Rules of Civil Procedure. *Johanik v. Des Moines Drug Co.*, 235 Iowa 679, 682, 17 N.W.2d 385, 388 (1945). Rule 22 provides that, "A single plaintiff may join in the same petition as many causes of action, legal or equitable, independent or alternative, as he may have against a single defendant."

■ However, § 572.26 denies a plaintiff in a mechanic's lien foreclosure action the benefit of rule 22 in bringing the action. It bars joinder of independent causes of action which otherwise would be permitted under that rule. *North Iowa Steel Co. v. Staley*, 253 Iowa 355, 358, 112 N.W.2d 364, 366 (1961). Therefore a plaintiff in a mechanic's lien foreclosure action is prohibited initially from suing in one count in equity to

foreclose his lien and in a separate count at law to obtain a personal judgment on his claim.

In the present case, count I is a foreclosure action and count II is a separate action for personal judgment for items and amounts not covered in the lien claim. Therefore § 572.26 would bar joinder of these claims in the original petition. Cf. *Sweetzer & Currier v. Hardwick*, 67 Iowa 488, 25 N.W. 744 (1885).

■ Nonetheless, misjoinder is not jurisdictional. A defendant waives the right to complain of it when he does not attack it by timely motion. *Claeys v. Moldenshardt*, 169 N.W.2d 885, 889 (Iowa 1969). Even then the court may simply order the causes docketed separately. Rule 27(b), R.C.P.

We believe the right to complain of misjoinder is also lost in a mechanic's lien action when the defendant asserts a set-off or counterclaim. We have held that § 572.26 does not prohibit a defendant from pleading these theories. In fact, when rule 29, R.C.P., applies, compulsory counterclaims must be urged or they are lost. *North Iowa Steel Co. v. Staley*, supra, 253 Iowa at 358, 112 N.W.2d at 366. A mechanic's lien foreclosure action differs from replevin and partition in allowing counterclaims. See § 643.2, The Code; rule 275, R.C.P.

■ Thus, even though § 572.26 denies a plaintiff the benefit of rule 22, R.C.P., it does not deprive a defendant of his right to allege set-offs or counterclaims under rules 29 and 30, R.C.P. Upon the same reasoning we do not believe the statute can be extended to deny a plaintiff his correlative rights under rules 29 and 30. We recently held that the mechanic's lien statutes are to be liberally construed to promote their objects and assist the parties in obtaining justice. *Gollehon, Schemmer & Associates, Inc. v. Fairway-Bettendorf Associates*, 268 N.W.2d 200, 201 (Iowa 1978). The object of allowing set-offs and counterclaims is to permit complete determination of the rights of the parties arising from a single transaction in the same action. *Folkner v. Collins*, 249 Iowa 1141, 1145, 91 N.W.2d 545, 547 (1958).

This object can only be accomplished when the plaintiff has the right to plead all of his claims from the transaction in responding to set-offs and counterclaims.

■ We hold that when the lien claim does not include the foreclosing plaintiff's entire claim from the transaction the plaintiff may separately plead the remainder of his claim in response to a defendant's pleading of set-off or counterclaim, The joinder prohibition of § 572.26 does not bar the plaintiff from pleading an independent cause of action in these circumstances. Of course, the court may order separate trial of legal claims under rule 186, R.C.P. See *Johanik v. Des Moines Drug Co.*, supra, 235 Iowa at 683, 17 N.W.2d at 388. The trial court did not err in refusing to strike count II on the ground of misjoinder.

■ Nor was count II barred by the prohibition in § 572.26 against changing the amount of the lien statement. It did not purport to increase the amount secured by the lien. Instead it separately claimed personal judgment for items and amounts not included in the lien statements. No lien was asserted in count II and foreclosure was not requested.

The right procedure was employed in this case. Capitol City complied with § 572.26 by limiting its initial petition to an action in equity seeking foreclosure of its lien claim. Defendants exercised their rights under rule 29, R.C.P., to urge a set-off and counterclaim. Capitol City then added its separate claim at law arising from the same transaction, exercising its pleading rights under the same rule. The trial court was correct in first charging the set-off and counterclaim against Capitol City's claim at law in count II and the balance against the amount found due on the lien claim in count I. Capitol City was not entitled in any event to judgment on its lien claim in an amount greater than its total. As a result of the awards to defendants, the net $39,-915 judgment to Capitol City on count I was substantially less than the amount of its liens.

The trial court did not err in refusing to strike Capitol City's amendment to the petition.

II. *The disallowed deductions.* Defendants assert the trial court erred in failing to allow certain deductions for omissions in performance of Capitol City's contract. Defendants sought a deduction of $5760 for Capitol City's failure to tape the drywall in apartment furnace rooms, $1152 for use of regular instead of water resistant drywall in bathrooms, $960 for failure to tape utility rooms, and $1728 for not taping behind ceramic tile in the bathrooms. In finding that Capitol City completed 83 percent of the contract work, the court refused to reduce its recovery by deductions for the four alleged omissions.

■ One of the conditions of Capitol City's bid on the drywall work was that it be allowed to mount the drywall in the furnace rooms before installation of the furnaces. Because the rooms were small, the work would be much more difficult if the furnaces were in place. Smith accepted the condition. However, because of weather considerations the condition was not met. The furnaces were installed before the taping was completed. We agree with the trial court that this excused Capitol City from doing the taping.

■ Defendants argue that even if the performance was excused they are entitled to a deduction to prevent Capitol City from being unjustly enriched. The $5760 deduction claimed by defendants is based on an estimated cost of $20 per room to tape the rooms after the furnaces were in. This figure is excessive because the cost to do the work before installation of the furnaces would be substantially less. The contract with Smith provided for "fair deductions" for permissibly omitted work. The same remedy is contemplated under principles recognized in Restatement, Second, Contracts § 292(1) (Tent.Draft No. 9). We find that $1440 is a fair deduction from the contract price for this omission and that it should have been allowed.

■ Evidence was adduced showing that the original specification of water resistant drywall in the tub areas was deleted during oral negotiations prior to the execution of the written contract between Capitol City and Smith. Although the written contract incorporated the specifications it expressly provided for "regular sheetrock" on all walls, with exceptions not material here. Defendants contend the evidence of the oral agreement violates the parol evidence rule and must be disregarded. However, the parol evidence rule does not come into play until by interpretation the meaning of a writing is ascertained, and, as an aid to interpretation, extrinsic evidence of antecedent negotiations is admissible. *Hamilton v. Wosepka*, 261 Iowa 299, 306, 154 N.W.2d 164, 168 (1967). The evidence showing elimination of the requirement of water resistant drywall comes within this principle. The trial court did not err in receiving the evidence of the oral agreement to delete water resistant drywall and in disallowing a deduction for this omission.

■ Defendants sought a deduction of $960 for Capitol City's failure to tape drywall in apartment utility rooms. Capitol City contends any such omission would have been cured during final touch-up work and was covered by the ten percent retainage under the contract. The problem with this contention is that this work was included in the amount for which Smith was billed and which the trial court allowed. We find defendants' evidence to be credible on this subject and thus hold this deduction should have been made.

■ The parties agree that the taping behind bathroom ceramic tile was omitted. Defendants seek a $1728 deduction for this omission. However, Capitol City explained that a more effective and durable bond for the tile could be obtained if the drywall joints were not taped but were filled with bonding cement. We find Capitol City's performance in this respect substantially complied with the contract. No deduction for this item is warranted.

In sum, we hold that the trial court erred in denying deductions of $1440 and $960 but

was right in denying the others. The judgment should therefore be reduced by $2400 to $37,515.

III. *The personal judgment against the owners.* Defendants contend the trial court erred in entering personal judgment against the owners of the premises. Capitol City's contract was with Smith. No basis for personal judgment against the owners was either pled or proved. We agree that the trial court erred in entering personal judgment against them. See *Kaltoft v. Nielsen*, 252 Iowa 249, 106 N.W.2d 597 (1960).

As a result of these holdings, we affirm the trial court in part and reverse and remand in part. Upon remand the court shall enter the new foreclosure judgment for $37,515 against only Smith and the bond in conformity with this opinion.

Costs are taxed one-fourth to Capitol City and three-fourths to Smith.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.