Brian R. BROWNSELL, Plaintiff-Appellant-Petitioner,

v.

Emil E. KLAWITTER and Anne H. Klawitter, Defendants-Respondents.

Supreme Court

*No. 80–373. Argued April 29, 1981.—Decided June 2, 1981.*

(Also reported in 306 N.W.2d 41.)

For the petitioner there were briefs by *Elwin J. Zarwell, Mary Pat Koesterer* and *Quarles & Brady* of Milwaukee, and oral argument by *Ms. Koesterer.*

For the respondents there was a brief and oral argument by *Jack L. Goodsitt* of Milwaukee.

DAY, J.   This is a review of a decision of the court of appeals, published at 99 Wis.2d 407, 299 N.W.2d 292 (Ct. App. 1980), dismissing an appeal from a judgment of the circuit court for Milwaukee county: ROBERT J. MIECH, Circuit Judge.

There is a single question presented for review: Is a judgment dismissing a complaint a final appealable judgment if a counterclaim for abuse of process, which was severed for trial, has not been determined?  We hold that such a judgment is not a final judgment appealable as of right under sec. 808.03(1), Stats. 1977, and affirm the court of appeals.

This case originated with the plaintiff-petitioner (buyer) filing a complaint for specific performance of a con-

dominium purchase contract. The defendants (sellers) answered the complaint and counterclaimed for abuse of process. On stipulation of the parties, the trial court ordered bifurcated trials for the complaint and the counterclaim.

Trial on the complaint for specific performance was held on January 2 and 3, 1980. The trial court dismissed the complaint for failure "to establish a cause of action by a preponderance of the evidence," removed the lis pendens filed in the buyer's action and ordered a separate trial on the counterclaim. Judgment was entered on January 24, 1980. The buyer filed a notice of appeal from the whole of the judgment.

The court of appeals dismissed the appeal and held that the dismissal of the complaint did not resolve the entire matter in litigation because of the unresolved counterclaim, and was therefore not a final and appealable judgment under sec. 808.03(1), Stats. 1977, which provides:

"808.03. **Appeals to the court of appeals.** (1) APPEALS AS OF RIGHT. A final judgment or a final order of a circuit court or county court may be appealed as a matter of right to the court of appeals unless otherwise expressly provided by law. A final judgment or final order is a judgment or order entered in accordance with s. 806.06(1)(b) or 807.11(2) which disposes of the entire matter in litigation as to one or more of the parties, whether rendered in an action or special proceeding."

The buyer argues that the judgment is appealable under sec. 808.03(1) because it "disposes of the entire matter actually in and presently capable of litigation . . ." This argument is predicated on the court of appeals' decision in *M. Bryce & Associates, Inc. v. Gladstone*, 88 Wis. 2d 48, 276 N.W.2d 335 (Ct. App. 1979).

In *Gladstone*, action was brought for breach of contract, unjust enrichment and appropriation of proprie-

tory information. The defendants filed a counterclaim, to which the plaintiff demurred. The trial court held the counterclaim to state a cause of action for abuse of process, and overruled the demurrer. On appeal it was argued that the counterclaim for abuse of process could be litigated contemporaneously with the complaint. The court of appeals held that ". . . there must be a termination of the action complained of to establish a cause of action for abuse of process." *Gladstone, supra,* 88 Wis.2d at 58.

The petitioner argues that an abuse of process claim cannot ripen until the issues raised in the complaint have been fully determined. Therefore, they contend a counterclaim cannot bar an appeal from the dismissal of the complaint.

We hold that a cause of action for abuse of process may proceed without a termination of the action alleged to constitute the abuse of process. We, therefore, overrule the contrary holding in *Gladstone.*

In *Gladstone,* the court of appeals relied on the case of *Slaff v. Slaff,* 151 F. Supp. 124, 125 (S.D.N.Y. 1957).

In *Slaff,* an action was commenced for an accounting of rentals on real estate owned by the plaintiff and her husband as partners. The husband's answer alleged that his sister also had an interest in the property and was an indispensable party to the action. The plaintiff replied, setting out as a counterclaim that the husband had instigated a suit by his sister "to harass, worry and injure the plaintiff." The court in *Slaff* characterized the counterclaim as:

". . . a confused melange of allegations of fact, characterizations and conclusions, some of which might be pertinent to a claim for malicious prosecution, some to a claim for libel, some perhaps to a claim for abuse of process, and some to a claim based on some vague theory of intentional tort." *Slaff, supra,* 151 F. Supp. at 125.

The court was "unable to discern any theory upon which the counterclaim could be sustained," and held that:

"A claim which might arise out of the bringing of the main action or out of allegations in the pleadings, or proceedings taken in the course of the main action, may not be made the subject of a counterclaim. Such a claim is premature and cannot ripen or mature until the main action has been determined." *Slaff, supra,* 151 F. Supp. at 125.

Referring to this language, the court of appeals in *Gladstone* concluded that a termination of proceedings on the complaint was required before a claim for abuse of process would ripen.

We believe that conclusion is in error and that the rule stated in *Slaff* is overbroad.

There is a difference between malicious prosecution and abuse of process. The latter grew out of the former. Abuse of process, not malicious prosecution, is alleged in this case. This court has held that malicious prosecution has six essential elements:

"1. There must have been a prior institution or continuation of some regular judicial proceedings against the plaintiff in this action for malicious prosecution.

"2. Such former proceedings must have been by, or at the instance of, the defendant in this action for malicious prosecution.

"3. The former proceedings must have terminated in favor of the defendant therein, the plaintiff in the action for malicious prosecution.

"4. There must have been malice in instituting the former proceedings.

"5. There must have been want of probable cause for the institution of the former proceedings.

"6. There must have been injury or damage resulting to the plaintiff from the former proceedings." *Maniaci v. Marquette University,* 50 Wis.2d 287, 297–298, 184

N.W.2d 168 (1971), quoting *Elmer v. Chicago & N.W. Ry. Co.,* 257 Wis. 228, 43 N.W.2d 244 (1950).

The tort of abuse of process was developed to provide a remedy in situations where malicious prosecution failed. As Prosser describes it:

"The action for malicious prosecution, whether it be permitted for criminal or civil proceedings, has failed to provide a remedy for a group of cases in which legal procedure has been set in motion in proper form, with probable cause, and even with ultimate success, but nevertheless has been perverted to accomplish an ulterior purpose for which it was not designed. In such cases a tort action has been developed for what is called abuse of process. In the leading English case the defendant had the plaintiff arrested under civil process in order to compel him through duress to surrender the register of a vessel, without which the plaintiff could not go to sea. *Although malicious prosecution would not lie because the proceeding had not been terminated, the court refused to permit its process to be misused for such an end,* and held the defendant liable."[1] (Emphasis added.)

The English case that first established the tort of abuse of process is *Grainger v. Hill,* 1838, 4 Bing. N.C. 212, 132 Eng. Rep. 769. There the defendant urged nonsuit because the plaintiff failed to establish that the defendant's allegedly malicious suit had terminated. The court held that such a termination was unnecessary stating, per Tindal, C.J.:

". . . this is an action for abusing the process of the law, by applying it to extort property from the Plaintiff, and not an action for a malicious arrest or malicious prosecution, in order to support which action the termination of the previous proceeding must be proved . . . [*Plaintiff's*] *complaint being that the process of the law has been abused, to effect an object not within the scope of the process, it is immaterial whether the suit which*

---

[1] Prosser, *Law Of Torts,* (4th ed. 1971), p. 856, sec. 121.

*that process commenced has been determined* or not, or whether or not it was founded on reasonable and probable cause." *Grainger, supra,* 132 Eng. Rep. at 773. (Emphasis added.)

This distinction between the requirements of a malicious prosecution action and one for abuse of process has been widely accepted.

This court has previously adopted the definition of abuse of process found in the Restatement of Torts. *Thompson v. Beecham,* 72 Wis.2d 356, 362, 241 N.W.2d 163 (1976).

The Restatement currently provides:

"One who uses a legal process, whether criminal or civil, against another primarily to accomplish a purpose for which it is not designed, is subject to liability to the other for harm caused by the abuse of process." Restatement, 3 *Torts* 2d, p. 474, sec. 682.

Comment (*a*) on that section states:

"The gravamen of the misconduct for which the liability stated in this Section is imposed is not the wrongful procurement of legal process or the wrongful initiation of criminal or civil proceedings; it is the misuse of process, no matter how properly obtained, for any purpose other than that which it was designed to accomplish. Therefore *it is immaterial that the process was properly issued, that it was obtained in the course of proceedings that were brought with probable cause and for a proper purpose, or even that the proceedings terminated in favor of the person instituting or initiating them.*" (Emphasis added.)

The court of appeals in *Gladstone,* agreed that it is unnecessary in an abuse of process action for the plaintiff to prove that the earlier proceeding has terminated *in his favor.* The court also agreed that ". . . abuse of process may even lie when the prior plaintiff has met with success in the former action." *Gladstone, supra,* 88 Wis.2d

at 58 (quoting *Thompson, supra,* 72 Wis.2d at 362). *See also Maniaci v. Marquette University, supra,* 50 Wis.2d at 287.

Still, the court concluded that ". . . there must be a termination of the action complained of to establish a cause of action for abuse of process." *Gladstone, supra,* 88 Wis.2d at 58.

Because we agree that in the case at bar ". . . it is immaterial whether the suit which that [abusive] process commenced has been determined . . . ,"[2] we hold that the counterclaim for abuse of process in this case does not require proof of termination of the underlying proceeding. *See also: Simkins Industries, Inc. v. Fuld & Co., Div. Of Met. Gr., Inc.,* 392 F. Supp. 126, 130 (E.D. Pa. 1975) ; *Moore v. Michigan National Bank,* 368 Mich 71, 117 N.W.2d 105 (1962) ; *Sarvold v. Dodson,* 237 N.W.2d 447, 449 (Iowa 1976).

This court has held that abuse of process has two essential elements. These are "a wilful act in the use of process not proper in the regular conduct of the proceedings" and an "ulterior motive." *Thompson v. Beecham, supra,* 72 Wis.2d at 362, quoting Prosser, *Law of Torts,* (4th ed. 1971), pp. 857, 858, sec. 121.

For example, the use of a properly issued subpoena for the ulterior purpose of preventing a witness from performing at a public function could be an abuse of process. It is also an abuse of process to use a statutory procedure for the detention of dangerous persons, for the ulterior purpose of temporarily detaining a college student wishing to quit school. *Maniaci v. Marquette University, supra,* 50 Wis.2d at 300. In such cases, no showing of malice or absence of probable cause is necessary. *Maniaci v. Marquette University, supra,* 50 Wis.2d at 300.

---

[2] *Grainger, supra,* 132 Eng. Rep. at 773.

In addition to the two essential elements, an action for abuse of process may be further provided on malice, absence of probable cause, or both. Proof of malice, while it may affect the measure of damages, does not require favorable termination of the proceedings. But where it is alleged that the abused process was issued without probable cause, termination of the proceedings is necessary to establish the absence of probable cause. It is that element that requires the favorable termination of the underlying proceedings, whether the claim is one for malicious prosecution or for an abuse of process issued without probable cause. But the counterclaim in this case did not allege that the specific performance action was brought without probable cause.[3] Therefore, the or-

---

[3] The counterclaim incorporated certain portions of the complaint and stated further:

"4. That although plaintiff failed to perform under the terms and provisions of said agreement by failing to make payment of the $500.00 additional earnest money on or before June 1, 1977, and notwithstanding plaintiff's failure to make tender on or before September 1, 1977 of the full purchase price as set forth in said agreement, and notwithstanding plaintiff's failure to act to enforce any alleged rights he had under said agreement until May 25, 1978, plaintiff has commenced this action for specific performance of said agreement after learning the defendants had successfully succeeded in selling said property to a third party for a purchase price of $10,000.00 more than the purchase price called for in said agreement by and between plaintiff and defendants.

"5. That plaintiff has abused the process of this Court by instituting this action and by effectively obstructing the sale of said premises by defendants to a third party for a purchase price of $10,000.00 more than the purchase price set forth in the agreement by and between plaintiff and defendants.

"6. That plaintiff has taken this action, and by filing a Lis Pendens, has damaged defendants in the sum of at least $10,000.00.

"7. That the action of plaintiff in abusing the process of the Court as aforedescribed, was done so intentionally and with malice and defendants, therefore, are entitled, in addition to the damages aforesaid, to exemplary and punitive damages in the sum of $15,-000.00."

der dismissing the specific performance action and setting aside the lis pendens is immaterial and irrelevant in any separate trial on abuse of process in this case.

Under our holding today there is nothing to prevent further proceedings with respect to the counterclaim. Contrary to buyer's argument, therefore, the trial court's dismissal of his complaint does not dispose of "the entire matter actually in and presently capable of litigation." It is not a final judgment, appealable as of right pursuant to sec. 808.03(1). The fact that the trial court severed the complaint and counterclaim for separate trials does not make the judgment entered on the first cause of action final and appealable. *Thomas/Van Dyken Joint Venture v. Van Dyken*, 90 Wis.2d 236, 279 N.W.2d 459 (1979).

The court of appeals correctly held that the judgment herein is not a final judgment within the definition of sec. 808.03(1), Stats., and is not appealable as a matter of right. The court further pointed out that no timely petition for discretionary appeal under secs. 808.03(2)[4] and 809.50(1)[5] Stats. 1977, had been made.

*By the Court.*—The decision of the Court of Appeals is affirmed.

---

[4] "808.03. **Appeals to the court of appeals** . . .(2) APPEALS BY PERMISSION. A judgment or order not appealable as a matter of right under sub. (1) may be appealed to the court of appeals in advance of a final judgment or order upon leave granted by the court if it determines that an appeal will:

"(a) Materially advance the termination of the litigation or clarify further proceedings in the litigation;

"(b) Protect the petitioner from substantial or irreparable injury; or

"(c) Clarify an issue of general importance in the administration of justice."

[5] "809.50. **Rule (Appeal from judgment or order not appealable as of right).** (1) A person shall seek leave of court to appeal a judgment or order not appealable as of right under s. 808.03(1), by filing within 10 days of the entry of the judgment or order a petition and supporting memorandum, if any."