**CITY OF FORT DODGE,**
**Iowa, Appellee,**

v.

**The Honorable James A. JANVRIN,**
**Mayor of the City of Fort**
**Dodge, Appellant.**

**No. 84–927.**

Supreme Court of Iowa.

July 31, 1985.

Rehearing Denied Sept. 19, 1985.

Herbert R. Bennett of Bennett, Wilke & Tarbox, Fort Dodge, for appellant.

Maurice C. Breen, City Atty., Fort Dodge, for appellee.

Considered by REYNOLDSON, C.J., and McCORMICK, SCHULTZ, CARTER, and WOLLE, JJ.

REYNOLDSON, Chief Justice.

This appeal from a declaratory judgment requires us to determine whether the mayor of Fort Dodge may appoint the chief of police without approval of the city council. Trial court held city council approval was required under a home rule city ordinance. We reverse.

The parties to this action have stipulated the facts. January 1, 1982, Fort Dodge adopted a home rule charter form of government pursuant to Iowa Code section 372.9 (1981). During the same month, Donald Hensley was named acting chief of police.

November 5, 1982, defendant James A. Janvrin, mayor of Fort Dodge, issued a press release announcing he had appointed Hensley chief of police. The release stated the mayor would not submit the appointment for city council approval, that being unnecessary because he had obtained a legal opinion that the mayor had power to appoint the police chief without council approval. *See* Iowa Code § 400.13 (1981). The city council asserted this position was in conflict with section 3.04(e) of the Fort Dodge home rule charter, which subjected

the mayor's department head appointments to city council approval.

December 14, 1982, the Fort Dodge City Council passed two resolutions. One approved the Hensley appointment. The other directed the city attorney to file a declaratory judgment action against the mayor, with the city designated as plaintiff, to resolve the controversy. The petition, filed in the Iowa District Court for Webster County, sought a judgment declaring "that the Mayor must submit his appointments of chief of police and all other department heads to the City Council for approval pursuant to the Charter."

The case was submitted to the district court on a stipulation of facts, oral arguments, and written briefs. Judgment thereafter was entered requiring the mayor to submit his police chief appointments to the city council for approval pursuant to section 3.04(e) of the 1981 home rule charter of the city of Fort Dodge.

Three issues are presented by this appeal: (1) May we review this case under one of the exceptions to the mootness doctrine? (2) If so, does section 3.04(e) of the Fort Dodge home rule charter require the mayor to submit police chief appointments to the city council for approval? (3) If so, is section 3.04(e) in conflict with the last paragraph of Iowa Code section 400.13 and thus unconstitutional?

■ I. The city council approved the mayor's appointment of the police chief in this instance, perhaps to avoid challenges to his authority during the course of litigation. Although this approval moots the immediate controversy, we agree with trial court that the underlying and unresolved issue is likely to recur and is one of public importance that should be addressed for the guidance of public officials. *See Colton v. Branstad,* 372 N.W.2d 184, 187 (Iowa 1985); *Wilson v. Farrier,* 372 N.W.2d 499, 501 (Iowa 1985); *Rush v. Ray,* 332 N.W.2d 325, 326–27 (Iowa 1983). We therefore elect to rule on the questions presented.

II. Section 3.04(e) of the Fort Dodge home rule charter provides in relevant part:

Appointing Authority. The Mayor shall appoint such department heads as may be authorized by the Council subject to the Council's approval....

The mayor argues this section does not require him to submit his police chief appointments for council approval. Section 3.04(e) creates a dichotomy, he asserts, between departments authorized by the council and those not authorized by the council, and requires council approval only of appointees to authorized or nonessential departments. Because the police department is an unauthorized or nondiscretionary department, the mayor reasons he is not required to seek council approval of his police chief appointees.

The only authority the mayor musters for this proposition is the distinction drawn in 1981 Iowa Code sections 384.24(3) and (4) between an "essential corporate purpose" and a "general corporate purpose." This distinction relates to the procedures a city must follow when issuing bonds. Nothing in the record indicates that the Fort Dodge home rule charter was written with chapter 384 definitions in mind.

■ We hold the plain language of section 3.04(e) of the Fort Dodge home rule charter requires the mayor to submit police chief appointments to the city council for approval. That section, therefore, controls unless it is irreconcilable with state law.

III. The twenty-fifth amendment to the Iowa Constitution includes the following language:

Municipal home rule. Municipal corporations are granted home rule power and authority, *not inconsistent with the laws of the General Assembly,* to determine their local affairs and government....

(Emphasis added.)

The last paragraph of section 400.13 of the 1981 Iowa Code provides:

In cities under the commission plan of government the superintendent of public safety, with the approval of the city

council, shall appoint the chief of the fire department and the chief of the police department. In cities under the city manager plan the city manager shall make such appointments with the approval of the city council, and in all other cities such appointments shall be made by the mayor.

The mayor argues this paragraph does not require him to submit his police chief appointees to the city council for approval. If he is correct, section 3.04(e) of the Fort Dodge home rule charter is inconsistent with Iowa Code section 400.13 and therefore unconstitutional.

 We conclude the mayor's interpretation of section 400.13 is correct. The plain language of the last clause of that section speaks only of the mayor's power to appoint, without mention of council approval. Any perceived ambiguity in this provision disappears by application of a basic canon of statutory construction: "Expressio unius est exclusio alterius" or "the expression of one thing is the exclusion of another." *Black's Law Dictionary* 521 (rev. 5th ed. 1979). *See also* 2A N.J. Singer, *Sutherland Statutory Construction* § 47.23 (4th ed. 1984). The inference is that the exclusion is deliberate. *State v. Habhab*, 209 N.W.2d 73, 75 (Iowa 1973); *North Iowa Steel Co. v. Staley,* 253 Iowa 355, 357, 112 N.W.2d 364, 365 (1961). *See also Iowa Bankers Association v. Iowa Credit Union Department,* 335 N.W.2d 439, 446 (Iowa 1983). "[L]egislative intent is expressed by omission as well as by inclusion." *North Iowa Steel Co.,* 253 Iowa at 357, 112 N.W.2d at 365.

In section 400.13, expressed necessity for council approval of police chief appointments under two forms of municipal government followed by omission of that requirement for all other forms strongly implies that, in all other cities, the mayor has the power to appoint the chief of police without approval of the city council. To the extent section 3.04(e) of the Fort Dodge home rule charter requires council approval, it is inconsistent with Iowa Code section 400.13 and unconstitutional.

The district court erred in granting judgment for the city. The judgment appealed from is reversed.

REVERSED.