Joseph M. GALLOWAY, Joseph M. Galloway, P.C., Clair J. Galloway, Appellants,

v.

Alan ZUCKERT, Janice H. Zuckert, Appellees.

No. 87–235.

Supreme Court of Iowa.

June 15, 1988.

Joseph M. Galloway, Des Moines, for appellants.

Diane M. Stahle of Davis, Hockenberg, Wine, Brown, Koehn & Shors, Des Moines, for appellees.

Considered by McGIVERIN, C.J., and LARSON, CARTER, LAVORATO, and ANDREASEN, JJ.

LARSON, Justice.

Joseph M. Galloway, Joseph M. Galloway, P.C., and Clair J. Galloway were office tenants in a building owned by the defendants, Alan Zuckert and Janice H. Zuckert. Problems arose over the lease, and Galloways filed a suit alleging various breaches of the lease, interference with a contract relationship, and libel. The Zuckerts counterclaimed for unpaid rent, for a declaratory judgment, and for attorney fees. Galloways filed a reply to the counterclaim, and in their reply, they included a counterclaim to the defendants' counterclaim asserting that the Zuckerts' counterclaim was an abuse of process. The district court ordered the counterclaim to the counterclaim to be dismissed, and Galloways appealed. We reverse and remand.

On appeal, two issues were initially presented: (1) is a counterclaim to a counterclaim recognized by our rules; and (2) if so, does the counterclaim in question here qualify either as a compulsory counterclaim under Iowa Rule of Civil Procedure 29 or a permissive counterclaim under rule 30?

I. We first consider the question of whether a counterclaim may be included in a reply as provided for in our rules of civil procedure 68 and 73. Our earlier cases, which predate our civil rules, suggest that it may. *See, e.g., Matthys v. Donelson,* 179 Iowa 1111, 1117–18, 160 N.W. 944, 946 (1917); *Illsly v. Grayson,* 105 Iowa 685, 687–88, 75 N.W. 518, 518–19 (1898).

In addition, federal authorities hold that under the analogous federal rules such a counterclaim is proper. *See, e.g., DeVito v. Hoffman,* 199 F.2d 468 (D.C.Cir.1952). The court in *DeVito* said a

purely procedural matter of denomination will not be permitted to interfere with the determination of substantive rights, and the pleadings will be so construed as to do substantial justice. The "supplemental complaint" was in reality a counterclaim to the counterclaim filed by appellee, and we will so regard it.

*Id.* at 469; *see also Semmes Motors Inc. v. Ford Motor Co.,* 429 F.2d 1197, 1202 (2d Cir.1970); 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1188, at 25 (1969). Zuckerts do not appear to argue this issue seriously, apparently conceding

that a counterclaim to a counterclaim may be asserted in a plaintiff's reply.

We hold that such a counterclaim is proper; the issue remains whether Galloways may assert a counterclaim under the facts of this case.

■ II. Our compulsory counterclaim rule provides in part:

A pleading must contain a counterclaim for every cause of action then matured, and not the subject of a pending action, held by the pleader against any opposing party and arising out of the transaction or occurrence that is the basis of such opposing party's claim, unless its adjudication would require the presence of indispensable parties of whom jurisdiction cannot be acquired.

Iowa R.Civ.P. 29.

The key to rule 29 is its requirement that the counterclaim "arise out of the transaction or occurrence" that is the basis of the opposing party's claim. The question in the present case is whether Galloways' counterclaim arose out of the same transaction or occurrence that was the basis of Zuckerts' counterclaim. We think it did not.

Galloways' claims against Zuckerts were based on Zuckerts' alleged failure to refund Galloways' security deposit, breach of implied warranty of quiet enjoyment, constructive eviction, and interference with a contract. The petition also alleged libel, based on a letter written by Zuckerts claiming that Galloways had breached the lease. Zuckerts counterclaimed for unpaid rent, for a declaratory judgment that the Zuckerts had not breached the lease, and for attorney fees. These assertions and counterassertions were all based on the parties' obligations under the lease.

Galloways' counterclaim to Zuckerts' counterclaim, on the other hand, was not based on the lease relationship or the alleged libel but on a claim of abuse of process. Galloways claimed that Zuckerts had filed their counterclaim with the knowledge that it was false, unfounded, without probable cause and that it was filed with

"ulterior motives and for improper purposes."

While the abuse-of-process claim was indirectly related to Zuckerts' counterclaim, it arose out of an alleged misuse of the court process, not on the lease relationship between the parties. We agree with the district court that it was therefore not a compulsory counterclaim under rule 29. The question remains whether it is a permissible counterclaim, and on that issue, we disagree with the district court.

III. Our permissive counterclaim rule provides:

Unless prohibited by rule or statute, a party may counterclaim against an opposing party on any cause of action held by him when the action was originally commenced, and matured when pleaded.

Iowa R.Civ.P. 30.

■ Application of rule 30 to the present case turns first on whether Galloways' cause of action for abuse of process was held by them "when the action was originally commenced." Zuckerts argue that the cause of action for abuse of process did not exist at the time the original *petition* was filed by Galloways because the counterclaim, which Galloways allege constituted an abuse of process, had not yet been filed.

Galloways respond that the "action" referred to in rule 30 should not be interpreted to include only a plaintiff's petition; it may also include a counterclaim. We agree; in a case such as this, where the first counterclaim is the basis of the plaintiff's responding counterclaim, the first counterclaim is the "action" referred to in rule 30.

The language of rule 30 is broad enough to be compatible with this interpretation. For example, rule 30 provides that a "party" may counterclaim, not just a defendant; and the rule provides that the counterclaim may be against "an opposing party," not just against the plaintiff. All of this suggests that the "action" referred to in rule 30 may be a counterclaim as well as the original petition.

440

Accordingly, we hold that the "action" referred to in rule 30 in the present case may include Zuckerts' counterclaim. This brings us to the next issue, whether a cause of action on behalf of Galloways existed at the appropriate time.

■ Rule 30 permits counterclaims only on causes of action "held" as of the time of the original action. The issue in the present case is whether a cause of action for abuse of process was "held" by Galloways at the time of the Zuckerts' allegedly abusive process. In such a case, Galloways argue, the cause of action accrues simultaneously with the filing of the allegedly abusive process. Several cases addressing the issue under similar counterclaim rules suggest that a cause of action for abuse of process arises at the time of the allegedly abusive process thus allowing the issue to be raised by a counterclaim. *See, e.g., Cochrane v. Iowa Beef Processors, Inc.,* 596 F.2d 254, 262–63 (8th Cir.1979) (abuse of process held not compulsory counterclaim; suggests is proper as permissive counterclaim); *Blue v. Weinstein,* 381 So.2d 308, 311 (Fla.App.1980) ("fundamental fairness" suggests abuse-of-process counterclaim should be permitted in pending suit); *Brownsell v. Klawitter,* 102 Wis.2d 108, 113–117, 306 N.W.2d 41, 44–45 (1981) (allowed counterclaim for abuse of process).

There is a very practical reason for such a rule; if a claim for abuse of process were not considered to be "held" at the time of the allegedly abusive process, for counterclaim purposes, all abuse-of-process cases would have to be raised by separate actions. The result would be piecemeal litigation, which is repugnant to the purpose of our liberal counterclaim rules. *See Capitol City Drywall Corp. v. C.G. Smith Constr. Co.,* 270 N.W.2d 608, 611 (Iowa 1978); *see generally* Vestal, *Reactive Litigation,* 47 Iowa L.Rev. 11, 15 (1961) ("The policy of the law generally seems to be that all facets of a controversy should be tried in a single action.").

We conclude that a claim for abuse of process is "held," for counterclaim purposes, as of the time the allegedly abusive process occurs. The question remains whether, in this case, the action was matured under rule 30.

■ Rule 30 requires that a counterclaim must be "matured" when it is pleaded. A counterclaim is said to be matured when the holder of the cause of action is entitled to a legal remedy. *See Stoller Fisheries, Inc. v. American Title Ins. Co.,* 258 N.W.2d 336, 342 (Iowa 1977) (maturity under compulsory counterclaim). A cause of action for abuse of process is matured when the allegedly abusive act occurs. Maturity of a claim for an abuse of process need not await disposition of a prior action, as is required in the case involving an action for malicious prosecution. *See Sarvold v. Dodson,* 237 N.W.2d 447, 449 (Iowa 1976); 1 Am.Jur.2d *Abuse of Process* § 7, at 255–56 (1962); 72 C.J.S. *Process* § 114, at 702 (1987) ("An action for abuse of process is a cause of action independent of any ongoing litigation."); *cf. Cochrane,* 596 F.2d at 263 (federal rule); *Blue,* 381 So.2d at 311 (abuse of process allowed in counterclaim); *Brownsell,* 102 Wis.2d at 113–117, 306 N.W.2d at 44–45 (abuse-of-process counterclaim does not require termination of underlying proceeding; noted abuse-of-process claim matures even though prior plaintiff might have been successful in former action).

For purposes of rule 30, we conclude that the abuse-of-process claim here had matured. We hold it was error for the district court to dismiss the claim. This brings us to the issue of the trial court discretion raised by Zuckerts.

■ IV. Zuckerts contend that under Iowa Rule of Civil Procedure 186 the district court had discretion to order separate trials, and that discretion was not abused here. Rule 186 provides:

In any action the court may, for convenience or to avoid prejudice, order a separate trial of any claim, counterclaim, cross-claim, or of any separate issue of fact, or any number of any of them. Any claim against a party may be thus severed and proceeded with separately.

The problem with this argument is that the trial court did not simply order Galloways' counterclaim to be severed; it ordered that it be dismissed. Galloways complain that by having to file the action over again they will lose the advantage that the substantive law would have provided for a suit filed as of the time the counterclaim was originally filed. They contend that to file a case anew would result in a substantial loss of rights for them.

We agree that this is not a question of severance for trial. Even if the district court would have allowed the counterclaim to stand, it would have discretion under rule 186 to order a separate trial. However, it did not do so.

We conclude that the counterclaim should be reinstated as of the time it was originally filed. We accordingly reverse and remand for reinstatement.

REVERSED AND REMANDED WITH INSTRUCTIONS.