## GILCREST/JEWETT LUMBER COMPANY, Plaintiff-Appellant,

v.

## Jim MOYER and Jim Moyer Construction, Inc., Defendants-Appellees,

### John David Pitt, Christine Pitt, and Norwest Bank Des Moines National Association, Defendants.

No. 89-189.

Court of Appeals of Iowa.

Oct. 5, 1989.

James L. Spellman of Neiman, Neiman, Stone & Spellman, P.C., Des Moines, for the appellant.

Mark Godwin & David J. Isaacson of Isaacson & Clarke, P.C., Des Moines, for the appellees Moyer.

Considered by HAYDEN, P.J., and SACKETT and HABHAB, JJ.

SACKETT, Judge.

Plaintiff-appellant Gilcrest/Jewett Lumber Company appeals the district court's ruling granting defendants-appellees' motions to strike and dismiss. The district court found the appellant improperly joined a request for personal judgment with an action to foreclose a mechanic's lien, and that the appellant failed to state a claim for which relief could be granted. We affirm the district court.

In late 1987 defendants-appellees Jim Moyer and Jim Moyer Construction, Inc. began building a house on land owned by the construction company. Appellant sold building materials to Jim Moyer and/or Jim Moyer Construction for use in building this house. Moyer Construction sold the house to codefendants John and Christine Pitt in February 1988. After that time, neither Moyer nor the construction company had any interest in the property. Appellant filed a mechanic's lien against the property in March 1988. Appellant's petition also requested a personal judgment against appellees Jim Moyer and Jim Moyer Construction, Inc.

Appellant first contends the district court improperly granted appellees' motion to strike based on Iowa Code section 572.26 (1987). This section states in relevant part: "An action to enforce a mechanic's lien shall be by equitable proceedings, and no other cause of action shall be joined therewith." Accordingly, "a plaintiff in a mechanic's lien foreclosure action is prohibited initially from suing in one count in equity to foreclose his lien and in a separate count at law to obtain a personal judgment on his claim." *Capitol City Drywall v. C.G. Smith Constr. Co.*, 270 N.W.2d 608, 611–12 (Iowa 1978). The district court properly granted appellees' motion to strike the cause of action against appellees Jim Moyer and Jim Moyer Construction Company.

Appellant next contends the district court improperly granted appellees' motion to dismiss for failure to state a claim for which relief may be granted. A mechanic's lien is a lien in favor of one who supplies material or labor for the improvement of real estate. The lien is on the building and land improved by the materials or labor. Iowa Code § 572.2 (1987).

Appellees sold the house and land in question here to John and Christine Pitt before the appellant's action was filed. Appellees have no ownership interest in the real estate upon which a lien could be granted under Iowa Code chapter 572. We find the district court properly granted appellees' motion to dismiss.

The decision of the district court is affirmed.

AFFIRMED.