Joan PURDY, Plaintiff-Respondent,

v.

Rebecca M. CARROLL, Defendant-Appellant.†

Court of Appeals

*No. 89-1223. Submitted on briefs September 19, 1989.—Decided November 27, 1989.*

(Also reported in 450 N.W.2d 807.)

† Petition to review denied.

For the defendant-appellant the cause was submitted on the brief of *David R. Sparer,* and *King Street Alternative Law Office, Inc.,* of Madison.

For the plaintiffs-respondents the cause was submitted on the brief of *John R. Steil,* and *Brennan, Steil, Basting & MacDougall, S.C.,* of Janesville.

Before Eich, C.J., Gartzke, P.J. and Sundby, J.

PER CURIAM. Rebecca Carroll appeals from an order issuing a writ of restitution in favor of Darrell and Joan Purdy in an eviction action. We ordered the parties to submit memoranda addressing whether we had jurisdiction of the appeal since Carroll's counterclaim for damages remained pending before the trial court.

An appeal as of right to the court of appeals generally may be taken only from a final judgment or order, one which disposes of the entire matter in litigation as to one or more of the parties, whether rendered in an action or special proceeding. Sec. 808.03(1), Stats. The statutory exceptions[1] to the general rule do not apply here.

---

[1] *See, e.g.,* sec. 974.05, Stats., which permits the state to appeal from various nonfinal orders or judgments in criminal cases.

The complaint sought an eviction judgment. Carroll counterclaimed, alleging that the eviction was retaliatory, and requested damages. The trial court granted a writ of restitution without disposing of the counterclaim. The writ of restitution did not dispose of the entire matter in litigation between the parties.

*Brownsell v. Klawitter,* 102 Wis. 2d 108, 117, 306 N.W.2d 41, 45–46 (1981), held that a judgment entered on a cause of action was not final and appealable where a counterclaim remained pending. Carroll argues that *Brownsell* is not controlling because it was not an eviction action. We disagree. *Brownsell* applied sec. 808.03(1), Stats., to determine whether a judgment was final and appealable as of right. Section 808.03(1) governs all appeals to the court of appeals, including eviction actions, unless otherwise expressly provided by law.

Carroll notes that *Shuput v. Lauer,* 109 Wis. 2d 164, 325 N.W.2d 321 (1982), permits an appeal prior to the conclusion of all trial court proceedings in foreclosure actions and argues that a similar rule should be applied in eviction actions. If a departure from the rule of sec. 808.03(1), Stats., is to be created for eviction actions, the supreme court, not this court, must do so.

Carroll contends that if she cannot appeal from the order issuing the writ of restitution, she will have no opportunity to obtain a stay under sec. 799.445, Stats., and her appeal will become moot. We disagree. She could have petitioned for leave to appeal from a nonfinal judgment or order, sec. (Rule) 809.50, Stats., and sought temporary relief under sec. (Rule) 809.52 pending our decision on the petition. If we granted the petition, she then could have applied for a stay under sec. 799.445.

Carroll requests that if we conclude the order is nonfinal, we should grant her leave to appeal from a nonfinal order. We decline to do so. She did not file a petition under sec. (Rule) 809.50, Stats., within ten days of entry of the writ of restitution. Months have passed since the writ was issued.

*By the Court.*—Appeal dismissed.