COURT OF APPEALS
DECISION
DATED AND FILED

December 21, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2021AP234**

STATE OF WISCONSIN

Cir. Ct. No. 2017CV437

IN COURT OF APPEALS
DISTRICT II

GLEN M. GROESCHEL AND NEIL D. GROESCHEL,

   PLAINTIFFS-RESPONDENTS,

 V.

DANIEL F. GROESCHEL, GLORIA GROESCHEL, GROESCHEL COMPANY, INC. AND GROESCHEL INVESTMENTS, LLC,

   DEFENDANTS,

CHERIE A. BUSS,

   DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Fond du Lac County: ROBERT J. WIRTZ, Judge. *Affirmed.*

Before Gundrum, P.J., Neubauer and Grogan, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM.   Cherie Buss appeals from a judgment ordering the sale at public auction of four real estate parcels owned by various interrelated parties.   Buss argues that the correct remedy was to physically partition the parcels.   However, Buss did not seek this remedy in the circuit court, and this argument is raised for the first time on appeal.   For this reason, we do not reach the merits of this and related arguments.   We affirm because the circuit court properly exercised its discretion when it ordered the four parcels sold at public auction.

¶2    We discuss only the facts necessary to our decision.   The parties' disputes arise in connection with several real estate parcels.   Glen and Neil Groeschel (Groeschel) filed a complaint seeking partition and judicial sale of multiple properties owned as tenants in common with Buss and others.   With regard to parcels 4, 6, 7 and 12 ("the parcels"), the only parcels subject to this appeal, Groeschel sought a sale via public auction.   In her proposed findings of fact and conclusions of law, Buss argued for using the fair market values for the parcels as established by her appraiser, Raymond Christ, to determine the amounts owed to Groeschel for their ownership interest.[1]   After a court trial, the circuit court decided that the parcels would be sold at public auction with the assistance

---

[1] On cross-examination Christ agreed that "the way to determine what the property is actually worth in the market is to put it up for sale and see who will actually pay whatever price a purchaser is willing to pay."

of a real estate broker, and the proceeds would be distributed as directed by the court.[2] Buss appeals.

¶3 "Partition is an equitable proceeding." *Schmit v. Klumpyan*, 2003 WI App 107, ¶22, 264 Wis. 2d 414, 663 N.W.2d 331. "[T]he trial court is not restricted to the statutory remedies—partition along undisputed lines or partition by sheriff's sale—but it is within the discretion of the trial court to order any remedy, including a private sale by the parties, that is equitable." *Id.*, ¶22. Among the remedies are physical partition of the property and sale of the property with a division of the proceeds. *Prince Corp. v. Vandenberg*, 2016 WI 49, ¶44, 369 Wis. 2d 387, 882 N.W.2d 371.

¶4 On appeal, Buss objects to the sale of the parcels at public auction. She argues that the circuit court erred in ordering the auction sale without also finding that the parties would be prejudiced by physical partition of the parcels. We conclude that the dispositive flaw in Buss's argument is that she never asked the circuit court to physically partition the parcels. Rather, she asked the circuit court to determine fair market value via the appraisal she submitted. Because Buss alleges circuit court error in connection with an argument she did not make to the circuit court, we do not consider this claim. *Segall v. Hurwitz*, 114 Wis. 2d 471, 489, 339 N.W.2d 333 (Ct. App. 1983) (we do not consider claims raised for the first time on appeal).

¶5 Buss next argues that the circuit court did not make what she claims is a required finding of prejudice before it ordered the auction sale. As we have

---

[2] There is no dispute on appeal as to how the proceeds are to be distributed.

held, Buss did not seek physical partition of the parcels in the circuit court. Furthermore, she does not point this court to that portion of the circuit court record where she raised the legal standard of prejudice in connection with disposition of the parcels. We will not sift the record for facts that might support Buss's contentions. *Keplin v. Hardware Mut. Casualty Co.*, 24 Wis. 2d 319, 324, 129 N.W.2d 321 (1964).

¶6 In support of her argument that a finding of prejudice was required in order to have a public auction, Buss mistakenly relies upon *Boltz v. Boltz*, 133 Wis. 2d 278, 395 N.W.2d 605 (Ct. App. 1986). *Boltz* is distinguishable. In *Boltz*, the question of physical partition was before the circuit court. *Id.* at 281. In this appeal, the question of physical partition of the parcels was not before the circuit court.[3] We reject Buss's attempt to assign error to the circuit court when she did not make the very claim she now argues that the circuit court missed. *See State v. Ledger*, 175 Wis. 2d 116, 135, 499 N.W.2d 198 (Ct. App. 1993) ("a party must raise and argue an issue with some prominence to allow the trial court to address the issue and make a ruling").

¶7 Having concluded that Buss's physical partition and prejudice arguments are not before this court on appeal, we turn to whether the circuit court misused its discretion when it ordered a public auction of the parcels. As stated, the circuit court had discretion "to fashion a remedy that meets the needs of the specific case. Equity does not limit the trial court to the statutory partition

---

[3] Because we do not reach the merits of Buss's physical partition and prejudice arguments, we do not delve into the law relating to these matters.

4

remedies found in WIS. STAT. § 842.02(2)." **Schmit**, 264 Wis. 2d 414, ¶26 (citation omitted).

¶8      "We will not find an erroneous exercise of discretion if there is a rational basis for a circuit court's decision." **Martindale v. Ripp**, 2001 WI 113, ¶29, 246 Wis. 2d 67, 629 N.W.2d 698.  Groeschel requested a public auction, a remedy available to the circuit court.  WIS. STAT. § 842.17(1) (2019-20).[4]  Buss's appraiser agreed on cross-examination that "the way to determine what the property is actually worth in the market is to put it up for sale and see who will actually pay whatever price a purchaser is willing to pay."  The court found that the parties were unable to work together to resolve their disputes regarding the parcels or agree on valuation, and the parties had been hindering each other's rights in the parcels.  Based upon the record before this court, we conclude that the circuit court had a rational basis for ordering the parcels sold at public auction and rejecting Buss's request for a private sale based upon her appraiser's report.

¶9      Finally, we observe that the circuit court appropriately recognized that at a public auction, any of the parties to this litigation could purchase any of the parcels.[5]

---

[4] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

[5] We have considered all of the arguments in the briefs.  To the extent we have not addressed an argument raised on appeal, the argument is deemed rejected.  *See* **State v. Waste Mgmt. of Wis., Inc.**, 81 Wis. 2d 555, 564, 261 N.W.2d 147 (1978) ("An appellate court is not a performing bear, required to dance to each and every tune played on an appeal.").

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.