COURT OF APPEALS
DECISION
DATED AND FILED

March 31, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP352**

Cir. Ct. No. **2022CV6065**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT I

STEPHEN E. LEE,

PLAINTIFF-APPELLANT,

V.

ZURICH AMERICAN INSURANCE CO. OF NEW YORK/ILLINOIS, JACOB JURGELLA, JOSHUA KAPLAN, ROSALIND BREWER, ALEX GURLAY, LINDSEY SCHARTZ, TELLY K. NEHER INDIVIDUALLY AND WALGREENS BOOTS ALLIANCE, INC.,

DEFENDANTS-RESPONDENTS,

STEFANO PESSINA,

DEFENDANT.

APPEAL from a judgment of the circuit court for Milwaukee County: THOMAS J. McADAMS, Judge. *Affirmed.*

Before White, C.J., Donald, and Geenen, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.   Stephen E. Lee, pro se, appeals from the judgment dismissing his action, with prejudice and on the merits.   Lee filed an action alleging civil conspiracy, negligent supervision, false arrest, false imprisonment, abuse of process, and malicious prosecution against Zurich American Insurance Co. of New York/Illinois, Jacob Jurgella, Joshua Kaplan, Rosalind Brewer, Alex Gurlay, Lindsey Schartz, Telly K. Neher, individually, and Walgreens Boots Alliance, Inc. (collectively Walgreens) for events related to the prosecution of Lee for retail theft at a Walgreens store in Elm Grove in May 2020 and a Walgreens store in Pewaukee in 2019.   Lee argues that genuine issues of material fact preclude summary judgment; additionally, he argues that he is entitled to summary judgment on certain claims.   Upon review, we affirm.

## BACKGROUND

¶2     We begin with the facts alleged in the criminal complaint in Waukesha County Circuit Court Case No. 2020CM1436 (the 2020 case).   An assistant store manager at the Elm Grove Walgreens reviewed security footage from inside the store that showed a man concealing various bottles of alcohol on at least three dates in May 2020 and then walking out of the store without paying. Walgreens notified the Elm Grove Police Department (EGPD), and in the course of their investigations, the police developed Lee as a suspect.   EGPD arrested Lee, and in July 2020, the Waukesha County District Attorney's Office charged Lee in Case No. 2020CM1436 with three counts of misdemeanor retail theft– intentionally taking merchandise worth less than $500, and two counts of misdemeanor bail jumping, all as a repeater.

¶3      In January 2022, Lee entered a plea to resolve the charges in both the 2020 case and in another pending case, Waukesha County Circuit Court Case No. 2019CM2153, which alleged one count of retail theft at a Pewaukee Walgreens and one count of misdemeanor bail jumping (hereinafter the 2019 case).  Lee pled no contest to two counts of retail theft in the 2020 case, agreed to a fine and restitution, and the remaining counts in the 2020 case and both counts in the 2019 case were dismissed, but read in for sentencing purposes.  The circuit court ordered fines and restitution of $192.80 to be paid to Walgreens.[1]

¶4      Although Lee did not appeal his criminal charges, he commenced a civil action against Walgreens premised on two concerns: (1) that the security cameras at Walgreens had been placed by EGPD without judicial authorization; therefore, using the video footage as evidence violated the Fourth Amendment, and (2) that Walgreens acted in deceit and fraudulently when it reported him to EGPD, resulting in false arrest, false imprisonment, and abuse of process.[2]  As litigation continued, Lee denied being present during the times the thefts allegedly occurred at the Elm Grove Walgreens.

---

[1] The Honorable Laura F. Lau presided over Lee's criminal charges.  The Honorable Christopher R. Foley presided over the initial proceedings in this civil action.  The Honorable Thomas J. McAdams presided over the summary judgment proceedings in this civil action.  For ease of reference, we refer to each as the circuit court.

[2] Lee initially filed a state court action, which was removed to federal court, where the district court dismissed it after concluding that his 42 U.S.C § 1983 claim was barred by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (holding that a claim for damages is not cognizable under § 1983 if a favorable judgment would necessarily imply the invalidity of a conviction or sentence).  Lee then filed the civil action underlying this appeal in September 2022.  Although we do not interpret Lee as raising a § 1983 claim in this action, to the extent that such a claim is raised, we conclude it is also barred by *Heck*.

¶5 After the parties each filed numerous motions, the case was resolved when the circuit court granted Walgreens' summary judgment motion. The court determined that Lee presented no evidence of a wrongful act to support a claim for civil conspiracy, no evidence of Walgreens condoning illegal business activities to support a claim of negligent supervision, and no evidence to support claims of false arrest, false imprisonment, or malicious prosecution because he was caught on camera stealing from the store. Lee now appeals.

## DISCUSSION

¶6 Lee argues that the circuit court erred when it concluded Walgreens was entitled to judgment as a matter of law, arguing either that there are genuine issues of material fact or that he is instead entitled to judgment as a matter of law. We address the claims as Lee raised them: (1) civil conspiracy; (2) negligent supervision; and (3) false arrest, false imprisonment, abuse of process, and malicious prosecution.

¶7 A circuit court must grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits," show that there are no genuine issues of material fact, and "the moving party is entitled to a judgment as a matter of law." WIS. STAT. § 802.08(2) (2023-24).[3] We independently review whether the circuit court correctly granted summary judgment. *Munger v. Seehafer*, 2016 WI App 89, ¶46, 372 Wis. 2d 749, 890 N.W.2d 22.

---

[3] All references to the Wisconsin Statutes are to the 2023-24 version.

¶8 "We examine the record in the light most favorable to the non-moving party." *North Highland Inc. v. Jefferson Mach. & Tool Inc.*, 2017 WI 75, ¶21, 377 Wis. 2d 496, 898 N.W.2d 741. "[W]e search the [r]ecord to see if the evidentiary material that the parties set out in support or in opposition to summary judgment supports reasonable inferences that require the grant or denial of summary judgment[.]" *Chapman v. B.C. Ziegler & Co.*, 2013 WI App 127, ¶2, 351 Wis. 2d 123, 839 N.W.2d 425.[4]

### I.    *Civil conspiracy*

¶9 Lee's first claim is that Walgreens and EGPD were engaged in a civil conspiracy against him. "In Wisconsin civil conspiracy has been defined as a combination of two or more persons by some concerted action to accomplish some unlawful purpose or to accomplish by unlawful means some purpose not in itself unlawful." *Radue v. Dill*, 74 Wis. 2d 239, 241, 246 N.W.2d 507 (1976). "A civil conspiracy claim has three elements: (1) the formation and operation of a conspiracy; (2) a wrongful act or acts done pursuant to the conspiracy; and

---

[4] The record reflects that at certain points, the circuit court and Walgreens alluded to Lee's conviction as proof that he committed the retail theft or he was the person shown on the security cameras, however, this reflects a misunderstanding of the law. "Evidence of … a plea of no contest … is not admissible in any civil or criminal proceeding against the person who made the plea[.]" WIS. STAT. § 904.10. When a court accepts a defendant's no contest plea "it constitutes an implied confession of guilt for the purposes of the case to support a judgment of conviction and in that respect is equivalent to a plea of guilty." *Dr. Royal Lee v. Wisconsin State Bd. of Dental Exam'rs*, 29 Wis. 2d 330, 334, 139 N.W.2d 61 (1966). However, Lee's no contest pleas are not admissions that he committed all of the acts in the criminal complaint and cannot be used collaterally for that purpose. *See State v. Black*, 2001 WI 31, ¶15, 242 Wis. 2d 126, 624 N.W.2d 363 (discussing that "when a defendant enters a no contest plea, he or she is not required to admit his or her guilt to every charge, which is precisely the advantage of entering a no contest plea instead of a guilty plea"). We do not rely on admissions of guilt arguments in assessing whether Walgreens was entitled to summary judgment.

(3) damage resulting from the act or acts." ***North Highland Inc.***, 377 Wis. 2d 496, ¶25.

¶10 Lee argues that Walgreens and EGPD "combined, confederated, conspired and knowingly participated" in an unlawful plan to have Lee falsely arrested, falsely imprisoned, and set a chain of events into motion to deprive him of his liberty without due process of law. Lee argues that EGPD placed security cameras at Walgreens without judicial authorization; therefore, any recordings could not be a basis for his arrest or conviction.

¶11 While Lee acknowledges that a private business does not need judicial authorization to place security cameras, he asserts that because the police placed the cameras, a warrant or judicial authorization was needed to conform with the Fourth Amendment. This is simply not true. "What a person knowingly exposes to the public … is not a subject of Fourth Amendment protection." ***Katz v. United States***, 389 U.S. 347, 351 (1967). A person shopping in a store that is open to the public does not have a reasonable expectation of privacy in the aisles.[5]

---

[5] Although video surveillance inside a retail store could implicate personal privacy concerns, Lee's claim that the security cameras placed by police require judicial authorization is premised on Fourth Amendment protections and whether government surveillance invaded a reasonable expectation of privacy. *See* ***State v. Gasper***, 2026 WI 3, ¶¶5-6, 419 Wis. 2d 12, 30 N.W.3d 367. "[A] reasonable expectation of privacy depends on (1) whether the individual has exhibited an actual, subjective expectation of privacy in the area inspected … and (2) whether society is willing to recognize such an expectation of privacy as reasonable." ***State v. Trecroci***, 2001 WI App 126, ¶35, 246 Wis. 2d 261, 630 N.W.2d 555. Although it is difficult to imagine what subjective right to privacy Lee could claim in the Walgreens store aisle, on the objective prong, the expectation of privacy does not extend to what a person "knowingly exposes to the public." ***Katz v. United States***, 389 U.S. 347, 351 (1967).

A private business does not need judicial authorization to cooperate with the police on security cameras in public areas of the store.[6]

¶12    Lee also argues that Walgreens' staff did not follow internal policies that require an employee to witness theft and sign a complaint.  Further, he contends that the criminal proceedings in the 2020 case were not properly commenced because he received the criminal complaint while in court on the 2019 case.  However, Lee has not shown that either fact is relevant or constitutes a "civil wrong which has been committed pursuant to the conspiracy and which results in damage to the plaintiff." *Onderdonk v. Lamb*, 79 Wis. 2d 241, 246, 255 N.W.2d 507 (1977).  Lee has not presented any proof of concerted, improper action among Walgreens, EGPD, and the Waukesha County DA's office, particularly as Walgreens would have no role in commencing a criminal legal action.

¶13    Finally, Lee asserts, based on his summary judgment affidavit, that he was not present at the Elm Grove Walgreens on the dates of retail thefts to which he pled no contest in the criminal court, and therefore, whether he was on the security camera footage is a genuine issue of material fact.  We disagree. Whether Lee was on the security camera footage does not change that Walgreens

---

[6] The Seventh Circuit concluded that "the government's use of a technology in public use, while occupying a place it was lawfully entitled to be, to observe plainly visible happenings, [does] not run afoul of the Fourth Amendment." *United States v. Tuggle*, 4 F.4th 505, 511 (7th Cir. 2021).

reported a theft to EGPD, the police investigated, and the DA prosecuted the case. Walgreens did not commit a wrongful act when it made a police report.[7]

¶14     Therefore, we conclude that Lee has neither presented evidence of an unlawful act in furtherance of a civil conspiracy nor shown a genuine issue of material fact to preclude summary judgment.  Accordingly, we conclude that Walgreens is entitled as a matter of law to a judgment of dismissal on this claim.

## II.     *Negligent supervision*

¶15     Lee's second claim is negligent supervision, which was premised on Walgreens negligently supervising its employees when they report retail theft.  To establish a claim for negligent supervision, the plaintiff must prove four elements: "that the employer has a duty of care, that the employer breached that duty, that the act or omission of the employee was a cause-in-fact of the plaintiff's injury, and that the act or omission of the employer was a cause-in-fact of the wrongful act of the employee." *Miller v. Wal-Mart Stores, Inc.*, 219 Wis. 2d 250, 267-68, 580 N.W.2d 233 (1998).

---

[7] Additionally, Walgreens raises a concern that Lee's attestations by affidavit that he was not present during the thefts should be disregarded "because [they] contradict[ ] prior deposition testimony[.]" *Yahnke v. Carson*, 2000 WI 74, ¶16, 236 Wis. 2d 257, 613 N.W.2d 102.  The record reflects that in Lee's deposition testimony, he did not deny he was present on the days of the theft, but instead objected and refused to answer almost every question asked, including whether he was at the Elm Grove Walgreens on certain dates, appeared in security camera footage, or removed products from the store.  The sham affidavit rule provides that "contradictory affidavits tend to create sham, rather than genuine, issues. *Id.*  We conclude Lee's summary judgment affidavit cannot be the basis of a genuine issue of material fact because his attestations contradict his refusal to answer questions at his deposition.  As an alternative basis for our overall conclusion, the sham affidavit rule applies here and we conclude Lee has not raised a genuine issue of material fact that precludes summary judgment.

¶16    Lee's claim relies on two ideas, neither of which are accurate statements of the law.  First, he contends that Walgreens approved and condoned its employees doing illegal business activities, in the scope of their employment, including allowing EGPD to install security cameras in the store without judicial authorization.  As we discussed above, a private business may work with police to place security cameras to surveil public spaces within the business without implicating the Fourth Amendment because the reasonable expectation of privacy does not extend to what a person "knowingly exposes to the public."  *Katz*, 389 U.S. at 351.  Therefore, Walgreens has not negligently supervised its employees by allowing them to cooperate with EGPD on the security camera placement.

¶17    Second, Lee asserts that in order for a merchant to report retail theft, an employee must directly observe the theft, that is, not observe it through security cameras.  He contends that Walgreens was negligent for allowing employees to notify the police about a retail theft observed on security cameras.  Lee argues that Walgreens is violating WIS. STAT. § 943.50(3), which permits a merchant "who has reasonable cause for believing that a person" has committed retail theft "in his or her presence" to then temporarily detain the suspect.  We note that § 943.50(3) delineates how a suspected shoplifter may be detained in a merchant setting and that Lee did not allege he was detained by Walgreens's staff.  Walgreens further refutes this point with *State v. Larry Lee*, 157 Wis. 2d 126, 458 N.W.2d 562 (Ct. App. 1990), in which this court concluded that § 943.50(3) "merely requires that the merchant or employee have 'probable cause for believing that a person has violated this section in his or her presence'; the actual theft need not be committed in the presence of either the merchant or the merchant's employee."  *Larry Lee*, 157 Wis. 2d at 132 (citation omitted).  Lee's argument fails.  We conclude Lee has

not raised a genuine issue of material fact and Walgreens is entitled to a judgment of dismissal on the negligent supervision claim as a matter of law.

### III. *False arrest, false imprisonment, abuse of process, and malicious prosecution*

¶18 Lee's overarching theory is that his arrest and prosecution for retail theft was a result of abuse of process. While he asserts that false arrest, false imprisonment, and general abuse of process claims arise from the 2020 case, he contends that malicious prosecution applies only to the 2019 case. However, these claims have a similar fatal flaw: Walgreens was not acting improperly when it made a report to EGPD that a suspected retail theft was shown on security camera footage. It was not improper for the cameras to be there. Furthermore, the actual investigation and prosecution of the case was made by EGPD and the Waukesha County DA's office, not Walgreens.

¶19 False imprisonment is defined as "[t]he unlawful restraint by one person of the physical liberty of another." *Lane v. Collins*, 29 Wis. 2d 66, 69, 138 N.W.2d 264 (1965) (citation omitted). "One is subject to liability for false imprisonment if that person acts to cause a false arrest, i.e., an arrest made without legal authority." *Stern v. Thompson & Coates, Ltd.*, 185 Wis. 2d 220, 242-43, 517 N.W.2d 658 (1994).

¶20 The elements of abuse of process are "an ulterior purpose," and "a wilful act in the use of the process not proper in the regular conduct of the proceeding." *Thompson v. Beecham*, 72 Wis. 2d 356, 362, 241 N.W.2d 163 (1976) (citation omitted). "However, misusing or abusing process will not be found for bad motive alone." *Stern*, 185 Wis. 2d at 251. "To prevail on an abuse of process claim, a party must present evidence that another party used the process

in a manner not intended and to gain a collateral advantage." ***Schmit v. Klumpyan***, 2003 WI App 107, ¶1, 264 Wis. 2d 414, 663 N.W.2d 331.

¶21 Case law provides examples of "collateral advantage" in abuse of process claims. *See **id.*** Allegations that an ex-husband prepared a bench warrant that led to his ex-wife's arrest in order to coerce her into granting visitation with their children and provide a tactical advantage in an upcoming hearing constituted a claim of abuse of process. ***Strid v. Converse***, 111 Wis. 2d 418, 427, 331 N.W.2d 350 (1983). Similarly, a university obtaining a temporary order of detention under the emergency provisions for mental illness to prevent a student from leaving campus, where the circuit court found that the university was not concerned for the student's mental health but wanted to physically prevent her from leaving school without her father's permission, was found to constitute abuse of process. ***Maniaci v. Marquette Univ.***, 50 Wis. 2d 287, 300-01, 184 N.W.2d 168 (1971).

¶22 In contrast, in ***Thompson***, 72 Wis. 2d at 358, 364, a minister sought an injunction that would prevent two congregants from interfering with church services and activities, after one made veiled references to the congregation about misconduct in the church and the other testified against the minister in the minister's divorce proceedings. ***Id.*** at 358-59. The congregants counterclaimed and sought to remove the minister from his position. ***Id.*** at 359. Although the parties eventually reached a compromise and settlement leaving the minister in his job and the congregants as members of the church, the congregants later filed a suit alleging that the minister's earlier lawsuit was an abuse of process. ***Id.*** at 359-60. Our supreme court concluded that "[t]he evidence merely showed the normal prosecution of a civil suit" by the minister and "the possible existence of an improper desire" on the minister's part to punish the congregants. ***Id.*** at 364.

There was no evidence that the minister "misused the suit as a club to achieve his wrongful purpose." *Id.*

¶23   In our examination of the record, we do not see evidence of abuse of process.  Although it is undisputed that Walgreens worked with the local police to place security cameras, EGPD did not become involved in an investigation or contact Lee until after Walgreens reviewed the footage, determined items had been taken from the store without being paid for, and passed along the report to EGPD.  This is normal process.  Lee has not shown that Walgreens has "used the process in a manner not intended" or that it used the process "to gain a collateral advantage." *Schmit*, 264 Wis. 2d 414, ¶1.  Lee has not alleged malice, ulterior motives, or personal animus.  Instead, Lee's situation is more like that in *Thompson*, where "[t]he evidence merely showed the normal prosecution" of an action. *Id.*, 72 Wis. 2d at 364.

¶24   Lee's claims of false arrest and imprisonment fare no better.  He contends that the arrest itself in the 2020 case was improper and that there was no record of his arrest or booking into jail for that arrest.[8]  However, even if we agreed with Lee's argument that Walgreens' report of theft to EGPD led to his improper arrest, Walgreens or its employees did not and cannot arrest anyone, commence criminal proceedings, or prosecute a criminal action.  Those roles belong to law enforcement and a prosecutor. *See* WIS. STAT. § 968.07 (providing when or how law enforcement officers may arrest); *State v. Peterson*, 195 Wis. 351, 369, 218 N.W. 367 (1928) ("In the prosecution of criminal actions, the

---

[8] Lee alleged multiple reasons why EGPD's arrest processes were statutorily improper; however, none of them involve actions by or within the control of Walgreens.

district attorney prosecutes for public wrongs, not for private wrongs, and such prosecution should be by a public officer, and not a private party.").

¶25 Lee's arrest was entirely within the control of law enforcement and the procedural steps initiating that case were within the control of law enforcement or the DA's office. Walgreens' report of theft to the police did not confine him "without legal process," or confine him by misusing legal process "for an improper purpose." *Maniaci*, 50 Wis. 2d at 295-96. Lee has simply not shown how Walgreens misused process in a way that caused him to be unjustly arrested. As such, it does not matter if the security camera footage shows (or does not show) Lee shoplifting because it is not an abuse of process, false arrest, or false imprisonment for Walgreens to report a suspected theft to EGPD.[9] That is a normal process carried out to its "authorized conclusion." *Thompson*, 72 Wis. 2d at 362-63. Lee's argument fails and Walgreens is entitled to a judgment of dismissal as a matter of law on these claims.

¶26 We turn to Lee's final claim. To establish a claim for malicious prosecution, a plaintiff must prove each of the following six elements:

> 1. There must have been a prior institution or continuation of judicial proceedings against the plaintiff;
>
> 2. Such former proceedings must have been by, or at the instance of the defendant;
>
> 3. The former proceedings must have terminated in favor of the plaintiff;

---

[9] The same concerns supporting disregarding Lee's attestations by affidavit that he was not in the store on the days of the suspected thefts apply because these statements contradict his prior deposition testimony. *Yahnke*, 236 Wis. 2d 257, ¶16. Nonetheless, whether he was on the video is not relevant to the false arrest claim. While his conviction may not be used as a collateral attack in this civil litigation, this court does not engage in a collateral attack on his conviction. *See* WIS. STAT. § 904.10; *Black*, 242 Wis. 2d 126, ¶15; *Heck*, 512 U.S. at 487.

4. There must have been malice in instituting the former proceedings;

5. There must have been want of probable cause for the institution of the former proceedings; and

6. There must have been injury or damage resulting to the plaintiff from the former proceedings.

*Elmer v. Chicago & N.W. Ry. Co.*, 257 Wis. 228, 231, 43 N.W.2d 244 (1950).

¶27     The record reflects that both counts of the 2019 case were dismissed and the charges read in as part of the plea agreement to resolve both the 2019 and 2020 cases.  Lee argues that the dismissal produced an order of acquittal for those charges and that he therefore satisfies all elements, going so far as to argue that there are no genuine issues of material fact and the claim should be decided in his favor.  Although we consider it questionable to assert that the parties are the same between the actions or that the criminal prosecution was instituted by Walgreens, the third element—a favorable termination of the prior action—is dispositive and Lee's claim fails.

¶28     Despite Lee's assertion that he was acquitted, the record reflects that the charges were only dismissed as part of a plea agreement and they were read in for the purpose of sentencing.  In Wisconsin, "[a] voluntary compromise and settlement of the prior suit is not a favorable termination" to satisfy a malicious prosecution claim.  *Thompson*, 72 Wis. 2d at 360.  When a defendant is charged with multiple counts, a dismissal of one count pursuant to a plea agreement, while other counts result in convictions does not satisfy the requirement for a favorable termination of the prior action.  *Heilgeist v. Chasser*, 98 Wis. 2d 97, 99-100, 295 N.W.2d 26 (Ct. App. 1980).  Accordingly, Lee's argument fails and Walgreens is entitled to a judgment of dismissal on the malicious prosecution claim as a matter of law.

14

**CONCLUSION**

¶29 We conclude that Lee has not presented any genuine issues of material fact and that Walgreens was entitled to a judgment of dismissal as a matter of law on each claim Lee brought. Therefore, summary judgment was appropriately granted.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.